UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERRIS A. CHRISTIAN,<br><br>                    Plaintiff,<br><br>-against-<br><br>JOHN DOE; P.K. S-2 REALTY LLC; MAYER ESQ. REFEREE JOEL,<br><br>                    Defendants. | 25-CV-1946 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's diversity of citizenship jurisdiction, alleging that Defendants violated his rights. By order dated March 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against John Doe, whom Plaintiff describes as a "tenant"; P.K. S-2 Realty LLC; "Mayer, Esq."; and "Referee Joel." He states that the events giving rise to his claims occurred on February 26, 2025. Plaintiff alleges,[1]

> Failed to pay rent on September 6, 2024[.] Payment of $10,278 Tenant name John Doe for P.K. S-2 Realty LLC, on the 26 day [of] February 2025 John Doe appearance in court and sed he is not P.K. S-2 Realty LLC Mayer, Esq. Referee Joel. In the Bronx Civil Court of the City of New York County of Bronx 1118 Grand Concourse, Bronx NY 10456 Part K-SPP, 350, LT-003619-24/BX.

(ECF 1, at 5.)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise noted.

In the section of the complaint form to state the relief he seeks Plaintiff writes, "Rent from September 2024 is $10,278 to the mo[nth] of March 2025 is $23,982[.] [T]he rent is $3,426 a mo[nth]." (*Id.* at 6.)

Since filing the complaint in this action, Plaintiff has submitted various documents to the court, the relevance of which is unclear. For example, on March 28, 2025, Plaintiff filed a "Transcript Request" that bears the docket number of this action but lists the defendants as Antoinette Craw and Leo V. Gagion. (ECF 5.) That document request transcripts "from the date of 07/03/2024 to March 10, 2025" and includes references to Title 11 of the United States Code, which pertains to bankruptcy proceedings. (*Id.* at 1.) A search of the Public Access to Electronic Court Records database shows that Plaintiff was the debtor in a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York that was closed on December 9, 2024. *See In Re Ferris A. Christian, Sr.*, No. 24-11175 (Bankr. S.D.N.Y. Dec. 9, 2025).

Plaintiff also filed "Affirmation[s] of Service" in which he states that he mailed to Craw and Gagion various individual copies of documents, including a "Motion for Approval of Reaffirmation Agreement" that bears this case number but is captioned for the United States Bankruptcy Court for the Southern District of New York. (ECF 7, at 9.) He also appears to have mailed Craw and Gagion copies of an unsigned "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," again listing Craw and Gagion as Defendants. (ECF 7, at 11.)

Finally, on April 11, 2025, Plaintiff filed a 44-page letter that includes an unsigned proposed order, captioned for the Bankruptcy Court but bearing this case number, and labeled as an "Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use

3

Case Collateral, (II) Granting Liens and Providing Claims with [Superiority] Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Schedule a Final Hearing, and (VI) Granting Related Relief." (ECF 8.)

## DISCUSSION

### A.   Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). In the complaint, Plaintiff does not explicitly invoke federal question jurisdiction in support of his claims. Plaintiff references the Trust Indenture Act of 1836, which the Court understands to be the Trust Indenture Act of 1939, and 11 U.S.C. § 105, which is a provision of the federal bankruptcy code, but nothing in Plaintiff's allegations suggests those statutes have any relevance to the claims that he is seeking to bring.

Plaintiff's allegations instead suggest that he may be attempting to bring claims under state law, but he does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction enabling it to consider any state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* When foreign citizens are parties, diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). A lawful permanent resident alien is considered a citizen of the American state in which he or she is domiciled, and diversity is lacking when an American citizen and a lawful permanent resident alien are domiciled in the same state. *Id.*

5

A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).

Here, Plaintiff alleges that he is a citizen of Antigua, but he states that he resides in the State of New York. (ECF 1, at 2-3). Because Plaintiff does not allege his immigration status, the Court is unable to determine whether Plaintiff is considered a citizen of Antigua, or, if he is a lawful permanent resident of the United States, a citizen of the State of New York. Furthermore, Plaintiff provides the same Bronx, New York, address for Doe and P.K. S-2 Realty LLC, but he does not allege the identity of the members of the limited liability company or the states in which the members are domiciled. Finally, Plaintiff provides no information at all regarding "Mayer, Esq." and "Referee Joel." Accordingly, Plaintiff has not demonstrated that the parties are diverse.

In addition to the showing the parties are diverse, to establish diversity jurisdiction, a plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff appears to seek a total of $23,982, an amount far below the $75,000 jurisdictional threshold.

Because Plaintiff has not alleged facts demonstrating that the Court has either federal question or diversity jurisdiction of this claims, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff leave to replead his claims in an amended complaint. If Plaintiff seeks to assert state law claims under the Court's diversity jurisdiction, he must first allege facts demonstrating complete diversity of the parties. Plaintiff must allege whether he is a lawful permanent resident of the United States, and identify the citizenship of the members of P.K. S-2 Realty LLC, as well as the citizenship of any other defendant he seeks to sue. Plaintiff must also allege facts demonstrating that his claims are worth at least $75,000. Plaintiff's amended complaint must also comply with the Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to allege enough factual detail to allow the Court to draw the inference that each defendant is liable for the alleged misconduct.

**B.     Request for preliminary injunctive relief**

In his "Affirmation of Service," Plaintiff indicates that he mailed an unsigned order to show cause for preliminary injunctive relief to Antoinette Craw and Leo V. Gagion, who are not parties to this action. (*See* ECF 7, at 11-12.) To the extent Plaintiff that Plaintiff seeks preliminary injunctive relief in this Court, his request is denied. To obtain such relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v.*

*Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons discussed above, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits of his claims, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief.

## C. Request for *pro bono* counsel

Plaintiff has also filed two applications for the court to request *pro bono* counsel. (ECF 10, 11.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court is dismissing this action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date, should he choose to file an amended complaint.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid a claim of which this Court has subject matter jurisdiction, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above. If Plaintiff intends the information and allegations contained in his affirmations of service and letter (ECF 6-8) as part of his claims in this action, he should include those allegations in his amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court denies Plaintiff's request for preliminary injunctive relief.

The Court denies Plaintiff's requests for *pro bono* counsel without prejudice to renewal at a later time. (ECF 10, 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: June 20, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge